I believe that when six members of a 32-member venire have connections with the defendant, although the individual connections each has with the defendants may not merit a challenge for cause, the cumulative effect of those six people on the venire gives the defendant the advantage in striking a jury. Therefore, I believe the trial court should have granted the Bruners' challenge for cause as to at least some of the six challenged jurors who were left on the venire.
The trial court denied the challenge for cause as to six jurors with connections to Dr. Cawthon, the defendant. Those jurors included one whose daughter is a patient of the defendant's partner, two former patients of the defendant, one whose niece had been a patient of the defendant's, one former patient of the defendant's partner, and the director of pharmacy at a hospital where the defendant practices. Working with a 32-member venire, each side would have 10 strikes. As a practical matter, because of the strong ties between physician and patient, (and, in one case, because of the professional relationship between the defendant and the veniremember) defense counsel could rely on the assumption that the plaintiff's attorney would have to use six of his 10 strikes to remove those jurors whose challenges for cause were denied. Therefore, the defense attorney would essentially be given six free strikes, which is clearly an advantage in striking a jury.
I agree with the majority that the trial court would not have abused its discretion in denying the challenges for cause as to any one or two veniremembers who had connections to the defendant doctor. However, the cumulative effect of denying the challenges for cause as to six veniremembers with connections to the defendant results in, I believe an abuse of discretion. Therefore, I must respectfully dissent. *Page 173